MICHAEL J. McCUE (Bar No. 6055)
MMcCue@LRLaw.com
JOHN L. KRIEGER (Bar No. 6023)
JKrieger@LRLaw.com
JONATHAN W. FOUNTAIN  (Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiff
MGM RESORTS INTERNATIONAL
OPERATIONS INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MGM RESORTS INTERNATIONAL OPERATIONS INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAHRAM KOLAHZADEH, an individual, EVAN KRENTZMAN, an individual, ROBERTO CIAMILLO, and individual, ADAM MAJEWSKI, an individual, REVNET, a New Jersey limited liability company, and POKERSONS, a business of unknown origin,<br><br>Defendants. | Case No. 2:11-cv-01929<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

**UPON CONSIDERATION** of the motion filed by Plaintiff MGM Resorts International Operations, Inc. ("Plaintiff") for a temporary restraining order, the supporting memorandum of points and authorities, the supporting declarations and evidence, the record in this case, and for other good cause shown;

**THE COURT HEREBY FINDS THAT**:

1.   Plaintiff will suffer irreparable injury to its valuable trademarks and associated goodwill if the Defendants are not enjoined and restrained from transferring the <ariapoker.com>, <bellagioonlinepoker.com>, <circuscircuspoker.com>, <excaliburpoker.com>, <luxorpoker.com>, <mandalaybayonlinepoker.com>, and <mgmpoker.com> domain names

(hereinafter the "Domain Names"), which contain Plaintiff's trademarks, namely, ARIA®, BELLAGIO®, CIRCUS CIRCUS®, EXCALIBUR®, LUXOR®, MANDALAY BAY®, and MGM® (collectively the "MGM Marks"), to other domain name registrars or from transferring their registrations for the Domain Names to other persons or entities;

2. Plaintiff is likely to succeed on the merits of its claims for cybersquatting and trademark infringement;

3. The balance of hardships tips in Plaintiff's favor because a temporary restraining order would merely place the Domain Names on hold and lock pending trial, and the failure to issue a temporary restraining order would cause Plaintiff to suffer additional irreparable injury and incur additional expense if the Domain Names are transferred to other registrants during the pendency of this action, requiring Plaintiff to file additional lawsuit(s) in other jurisdictions; and

4. The issuance of a temporary restraining order is in the public interest because it would protect consumers against deception and confusion arising from domain names containing Plaintiff's trademarks, and from the use of Plaintiff's trademarks, by persons other than Plaintiff;

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a full trial on the merits:

1. GoDaddy.com, Inc. shall immediately remove or disable the domain name server ("DNS") information for <bellagioonlinepoker.com>, <excaliburpoker.com>, <luxorpoker.com>, <mandalaybayonlinepoker.com>, and <mgmpoker.com>, place the domain names on hold and lock, and deposit them into the registry of the Court;

2. Wild West Domains, Inc. shall immediately remove or disable the DNS information for <ariapoker.com>, place the domain name on hold and lock, and deposit it into the registry of the Court; and

3. Melbourne IT, Ltd., d/b/a/ Internet Names Worldwide, shall immediately remove or disable the DNS information for <circuscircuspoker.com>, place the domain name on hold and lock, and deposit it into the registry of the Court.

**IT IS HEREBY FURTHER ORDERED THAT,** pending a full trial on the merits:

1. Defendants Evan Krentzman, Roberto Ciamillo, Adam Majewski, RevNet, and PokerSons, including, without limitation, all of their respective partners, officers, agents,

1  servants, employees, and all other persons acting in concert or participation with them, are
2  hereby temporarily restrained and enjoined from registering or trafficking in any domain name
3  containing the MGM Marks or any confusingly similar variations thereof, alone or in
4  combination with any other letters, words, phrases or designs; and

5      2.    Defendant Shahram Kolahzadeh, all of his partners, officers, agents, servants,
6  employees, and all other persons acting in concert or participation with him, are hereby
7  temporarily restrained and enjoined from using the Aria Mark or any confusingly similar
8  variations thereof, alone or in combination with any other letters, words, letter strings, phrases or
9  designs in commerce (including, but not limited to, on any website or within any hidden text or
10  metatags within any website).

11  **IT IS HEREBY FURTHER ORDERED THAT:**

12      1.    A nominal bond of $100 shall be required because the evidence indicates that
13  Defendants will only suffer minimal damage, if any, by the issuance of this temporary restraining
14  order; this requirement may be satisfied by tendering $100 cash to the Clerk of the Court
15  pursuant to Local Rule 67-1.

16      2.    Plaintiff may, in addition to the requirements of service identified in Federal
17  Rules of Civil Procedure 4 and 5, serve the Summonses, Complaint, motion for temporary
18  restraining order, motion for preliminary injunction, all supporting documentation, this Order,
19  and all other papers and pleadings in this case upon the Defendants by e-mail transmission.

20      3.    The parties shall appear for hearing and oral argument on Plaintiff's motion for a
21  preliminary injunction on Thursday, December 8, 2011, at 2:00 p.m. in Courtroom 7C, at the
22  Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada;

23      4.    Defendants shall file and serve their opposition to Plaintiff's motion for
24  preliminary injunction, if any, no later than Wednesday, December 7, 2011~~, and Plaintiff shall file and~~
25  ~~serve its reply brief no later than _____, 2011~~.

26      ENTERED: this  2nd  day of December, 2011 at 11:15a .m.

27
28                                 _____
                               **UNITED STATES DISTRICT JUDGE**