Adam Majewski
5504 Amber Way
McKinney, Texas 75070
(214) 545-8073
In Proper Person

2011 DEC -8 A 10: 01

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL OPERATIONS, INC., a Nevada Corporation<br><br>Plaintiff,<br><br>v.<br><br>SHAHRAM KOLAHZADEH<br>EVAN KRENTZMAN<br>ROBERTO CIAMILLO<br>ADAM MAJEWSKI<br>REVNET<br>POKERSONS<br>Defendants. | CASE NO. 2:11-ev-01929<br><br>**Defendant Adam Majewski's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) or in the alternative, to transfer Venue.** |

### DEFENDANT ADAM MAJEWSKI'S MOTION TO DISMISS

### INTRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT; pursuant to Fed. R. Civ. P. 12(B)(2), I, Adam Majewski, timely files this Motion to Dismiss. I believe this Court lacks personal jurisdiction over me because the Plaintiff has not and cannot meet its burden to show

that personal jurisdiction over me is proper in Nevada under the "effects test"[1] which is the <u>only</u> <u>basis</u> for which the Plaintiff claims personal jurisdiction over me in its complaint.

### STATEMENT OF FACTS

Recent changes in Nevada law have opened up the prospect for Internet gambling. Late to the feeding frenzy, MGM has apparently decided it wants a piece of the action. MGM wants to leverage the well-known names of some of their Hotels in Las Vegas. One of these Hotels is the Excalibur. Unfortunately, they find out that Adam Majewski of McKinney, Texas owns the domain name Excaliburpoker.com. Excalibur is not a distinctive mark. It was the sword of kings in the Arthur legends. Thousands of businesses use this name—Excalibur bowling, Excalibur Taxi, and even Excalibur condoms. However, MGM feels that, if they so choose, they are entitled to claim eminent domain over any use of the Excalibur name in any new business venture they intend to pursue. They do not contact me prior to this action. Instead, they hire a big law firm. The law firm did not contact me as well. Instead they join unrelated defendants and slam dunk an ex-parte action claiming trademark infringement and cybersquatting.

. I am an entrepreneur and innovator in online gaming, internet marketing, and social media. One of my iPhone apps was featured on a leading network's morning show. Excaliburpoker.com was already an existing online poker site/platform prior to me acquiring the domain name. At that time there were hundreds of online poker sites. I believed the medieval theme would make my site distinctive. Shortly thereafter, I began work on my ZeroRiskPoker platform. The idea was to localize competitive poker online where the players would win prizes and gift cards in tournaments sponsored by local advertisers. I registered domain names in over 100 cities and specifically left off Las Vegas, Reno, and Henderson NV. The 100 cities were based on the top 100 cities by population. I excluded those 3 as I concluded that individuals that

---

[1] *Calder v. Jones*, 465 U.S. 783 (1984)

could gamble for real money would not want to play poker for prizes valued at a few dollars. I continue to spend time and money on these efforts.

## ARGUMENTS & AUTHORITIES

First, the plaintiff's complaint is legally insufficient to support a prima facie case for personal jurisdiction over me. The Plaintiff does not state any facts to support the second or third required element of the Calder "effect test."[2] Second, the Plaintiff does individually address the issue of personal jurisdiction under Calder for each of the Defendants. A blanket assertion against a group of unrelated Defendants is insufficient.

Under the Calder's "effects test," the defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) which causes harm that the defendant knows is likely to be suffered in the forum state. Id.; see also *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). The "express aiming" prong requires that Defendant's conduct be expressly aimed at the forum. *Id.* at 1129. While maintenance of a passive website alone cannot satisfy the express aiming prong, operating a passive website in conjunction with "something more --conduct directly targeting the forum -- is sufficient to confer personal jurisdiction." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002). Within the cybersquatting context, Panavision suggests that merely registering a domain name and linking it to a website does not alone constitute "express aiming." 141 F.3d at 1321.

My www.Excaliburpoker.com site is nothing more than a page and has been a page for the past several years. No Excalibur Hotel and Casino marks are or have been used. It's hard to imagine a more passive website. What does the Plaintiff allege is the "something more"? The

---

[2] Where a court considers a motion to dismiss for lack of jurisdiction without an evidentiary hearing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Plaintiff makes general allegations against all the Defendants that they are "trading off the substantial fame, goodwill and consumer recognition" of, in my case, the "Excalibur" name. But this is a mere allegation of trademark infringement. Excalibur is a nice name for a hotel in Las Vegas. But should Excalibur Dry cleaning or Excalibur bowling lanes or Excalibur liquors be subject to personal jurisdiction in Nevada because the Excalibur Hotel in Las Vegas thinks it owns the naming rights to the sword of the Arthur legends?

WWW.ExcaliburPoker.com does not compete with the Hotel. There is no likelihood of confusion because the hotel does not offer online gaming. Accordingly, it cannot divert potential customers away from the hotel. It has not harmed the Hotel in any way. Heretofore, the Excalibur Hotel has not engaged its "brand" with any online gaming.

Perhaps most compelling, I have deliberately avoided targeting Nevada in my gaming ventures under the theory that demand would be weak since gamers in Nevada can go out and get the real thing.

**Where's the Harm?**

The Federal Courts are not in the business of issuing advisory opinions on speculative harms. For me to be subject to personal jurisdiction under the "effects test", I "must know that my conduct is likely to cause harm in the forum."[3] Heretofore, the Excalibur Hotel had not bothered to engage in any online gaming. A cursory Google search reveals that it still has no presence in that market. I cannot find any Excaliburblackjack.com or Excaliburroulettewheel.com or Excaliburcraps.com and I believe those domains might be available. How could I be expected to foresee any harm to a large Vegas Hotel by holding a domain name generic in any other context and targeting a market that the Hotel has not yet chosen to enter. If all the marketing gurus at MGM didn't anticipate the future of online

---

[3] *Ringcentral, Inc. v. Quimby*, 711 F.Supp2d 1048 (N.D. Cal. 2010).

gaming, how am I to be held accountable? In any case, there hasn't been any harm. Furthermore, I understand that internet users do not search for their interests by typing in URL guesses. Rather, they go to a search engine and type their query. Go ahead and google "Excalibur poker" as a typical consumer would, and the first two pages are all links to Excalibur Hotel related sites. If the Excalibur Hotel wants to get into the adult entertainment business, can they haul the owners of the domain www.Excaliburfilms.com into Nevada Federal Court claiming trademark infringement and cybersquatting?

## Motion to Transfer Venue

In the alternative, even if venue is proper in the District Court of Nevada, this case should be transferred to the Northern District of Texas. 28 U.S.C. § 1404(a) gives this Court discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation and quotation marks omitted). In determining whether to transfer to another proper venue, the court considers a number of factors, including: (1) the plaintiff's choice of forum, which is given substantial weight if the chosen forum is the plaintiff's home forum, id.; (2) the convenience of the parties, Vu v. Ortho-McNeil Pharmaceutical, Inc., 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); (3) the location of the witnesses, id.; (4) the ease of access to evidence, id.; and (5) the respective parties' contacts with the forum, Jones, 211 F.3d at 498.

This action was well calculated by the Plaintiff to impose substantial burdens on me to defend my private property. The Plaintiff conducted no due diligence in ascertaining any facts about the circumstances or use by me of the domain name at issue. They made no attempt to contact me prior to filing this action. Time and cost constraints impose significantly greater burdens on me. MGM is quite capable of sustaining an action in Dallas. It is not clear where

MGM's in-house counsel are located and it is likely they are already disconnected from the proposed forum. The poker platform is located in Texas. Many business associates and other potential witnesses are located in North Texas.

## PRAYER FOR RELIEF

For these reasons, I respectfully request this action be dismissed, or in the alternative, that the action be transferred to North Texas to serve the interests of justice.

Dated this 8th day of December, 2011.

Respectfully submitted by:

*[signature]*

Adam Majewski
5504 Amber Way
McKinney, Texas  75070
(214) 545-8073
In Proper Person

## CERTIFICATE OF FACSIMILE

On the 8th day of December, 2011, the undersigned faxed a true and correct copy of the foregoing document to the following: *+ Declaration of Adam mAjewski*

Michael J. McCue
John L. Krieger
Jonathan W. Fountain
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
Attorneys for Plaintiff
MGM RESORTS INTERNATIONAL
OPERATIONS INC.

*Bonita Fountaine*
Bonita Fountaine

```
**********************
***   TX REPORT    ***
**********************

TRANSMISSION OK

TX/RX NO              1890
DESTINATION TEL #     99498398
DESTINATION ID
ST. TIME              12/08 10:33
TIME USE              01'18
PAGES SENT            9
RESULT                OK
```

Adam Majewski
5504 Amber Way
McKinney, Texas 75070
(214) 545-8073
In Proper Person

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL OPERATIONS, INC., a Nevada Corporation<br><br>              Plaintiff,<br><br>v.<br><br>SHAHRAM KOLAHZADEH<br>EVAN KRENTZMAN<br>ROBERTO CIAMILLO<br>ADAM MAJEWSKI<br>REVNET<br>POKERSONS<br>Defendants. | CASE NO. 2:11-cv-01929<br><br>**Defendant Adam Majewski's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) or in the alternative, to transfer Venue.** |

**DEFENDANT ADAM MAJEWSKI'S MOTION TO DISMISS**

Adam Majewski
5504 Amber Way
McKinney, Texas 75070
(214) 545-8073
In Proper Person

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL OPERATIONS, INC, a Nevada Corporation<br><br>*Plaintiff,*<br><br>v.<br><br>SHAHRAM KOLAHZADEH<br>EVAN KRENTZMAN<br>ROBERTO CIAMILLO<br>ADAM MAJEWSKI<br>REVNET<br>POKERSONS<br><br>*Defendants.* | CASE NO. 2:11-ev-01929<br><br>DECLARATION OF<br>ADAM MAJEWSKI |

### DECLARATION OF ADAM MAJEWSKI

I, Adam Majewski declare, under penalty of perjury under the laws of the United States, that the following is true and correct:

1. My name is ADAM MAJEWSKI. I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. I am the owner of ExcaliburPoker.com and reside in McKinney, Texas.

3. I have been in the online poker business for 8 years. During this period I have spoken at poker conferences, worked with poker professionals, worked with celebrities, agencies, and have worked with individuals in the poker business.

Declaration of Adam Majewski                                                                                Page 1 of 2

4. During the 8 year period in the poker business I have built websites, databases, and software solutions pertaining to the poker industry.

5. During this 8 year period I have built an entire online (web based) and iPhone Application specific to the poker industry.

6. The domain name ExcaliburPoker.com was a fully functioning online poker platform for several years prior to me acquiring the domain name. It was themed in a medieval look and feel. Knights, Kings, Queens, Princesses, Court Jestors, were commonly displayed on the site prior to me acquiring the domain name. No Excalibur Hotel and Casino logos, fonts, or mention was displayed on the site or in the software.

7. I acquired the domain name ExcaliburPoker.com when the current owner elected to shut down the online poker platform and allow the domain name to lapse for a reason unknown to me. I was aware of this because I was working with the software company that licensed the technology to the previous owner.

8. I acquired the domain name after deciding that a themed online poker platform would be a game changer in the industry. Hundreds if not thousands of online poker platforms existed at the time, however many were not themed. Most of the competition had the same look and feel. Being in the industry for years and studying retention rates, customer feedback, seeing how video games with avatars like Sims and other games drew customers to play longer and enjoy the experience more, I knew that a themed poker platform was appropriate.

9. My intent was to develop ExcaliburPoker.com into a poker platform. I have spent tens of thousands of dollars developing this platform and thousands of hours.

10. After the acquisition of ExcaliburPoker.com I acquired over 100 additional domains such as DallasFreePoker.com, BostonFreePoker.com, FresnoFreePoker.com. All with a city as the benchmark. This was for SEO purposes and also for the purpose of creating a business model in which you could play poker against individuals in your city for prizes from local advertisers. When I acquired the city domain names I specifically left off Las Vegas, Reno, and Henderson NV as I concluded that individuals that could already gamble for real money would not want to play for prizes valued at a few dollars.

11. I have never used any logos, fonts, names, or likeness of Excalibur Hotel and Casino on the website.

EXECUTED: this 8th day of December, 2011

_____
Adam Majewski