MICHAEL J. McCUE (Nevada Bar No. 6055)
MMcCue@LRLaw.com
JOHN L. KRIEGER (Nevada Bar No. 6023)
JKrieger@LRLaw.com
JONATHAN W. FOUNTAIN (Nevada Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone: (702) 949-8200
Fax: (702) 949-8363

Attorneys for Plaintiff
MGM RESORTS INTERNATIONAL
OPERATIONS, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL OPERATIONS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAHRAM KOLAHZADEH, an individual, ROBERTO CIAMILLO, and individual, ADAM MAJEWSKI, an individual, REVNET, a New Jersey limited liability company, and POKERSONS, a business of unknown origin,<br><br>Defendants. | Case No. 2:11-cv-01929-PMP-CWH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND OTHER RELIEF** |

Plaintiff MGM Resorts International Operations, Inc. ("Plaintiff"), having moved the Court for entry of default judgment against Defendant Roberto Ciamillo ("Ciamillo") and Defendant PokerSons pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Clerk of the Court, having entered the default of Ciamillo and PokerSons on January 6, 2012, and, the Court having given due consideration to Plaintiff's motion, as well as the papers, pleadings, and exhibits offered in support thereof, and the Court being otherwise further fully advised, Plaintiff's motion is GRANTED.  JUDGMENT is awarded in favor of Plaintiff and against Ciamillo and PokerSons on Count I of the Complaint.

THE COURT FINDS THE FOLLOWING:

1. MGM Resorts International, through its various subsidiaries and corporate affiliates, has obtained United States trademark registrations for certain trademarks, including, CIRCUS CIRCUS (U.S. Trademark Registration No. 0,891,114) for use in connection with casino services; LUXOR (U.S. Trademark Registration No. 1,798,924) for use in connection with casino services; and MGM (U.S. Trademark Registration No. 2,534,227) for use in connection with casino services (collectively, the "MGM Marks");

2. MGM Resorts International, through its various subsidiaries and corporate affiliates, owns the exclusive right to use the MGM Marks in commerce in connection with casino services;

3. Plaintiff is a subsidiary of MGM Resorts International who has been authorized to enforce the trademark rights owned by MGM Resorts International through its various subsidiaries and corporate affiliates;

4. Ciamillo registered the <circuscircuspoker.com> domain name with a bad faith intent to profit therefrom;

5. PokerSons registered the <luxorpoker.com> and <mgmpoker.com> domain names with a bad faith intent to profit therefrom;

6. Ciamillo and PokerSons are liable to Plaintiff for cybersquatting pursuant to the Anti-cybersquatting Consumer Protection Act;

7. Absent a permanent injunction, should Ciamillo's and/or PokerSon's use of marks identical to or confusingly similar with the MGM Marks continue, Plaintiff and its corporate affiliates will continue to suffer irreparable injury to the goodwill and reputation Plaintiff and its corporate affiliates have established in the MGM Marks for which an award of money damages would be inadequate;

8. The balance of hardships associated with a permanent injunction weighs in favor of Plaintiff and its corporate affiliates and against Ciamillo and PokerSons; and

9. The public interest in favor of preventing consumer confusion weighs in favor of granting Plaintiff and its corporate affiliates a permanent injunction and against Ciamillo and

PokerSons.

Accordingly, IT IS HEREBY ORDERED that Ciamillo and PokerSons, along with their respective agents, servants, employees and/or all other persons acting in concert or participation with them are PERMANENTLY ENJOINED: (1) from making any use of Plaintiff's MGM Marks or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text, or in metatags); and (2) from maintaining registrations for, registering, or trafficking in any domain name containing Plaintiff's MGM Marks or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, including but not limited to the <circuscircuspoker.com>, <luxorpoker.com>, and <mgmpoker.com> domain names;

IT IS HEREBY FURTHER ORDERED that the domain name registrations for the <circuscircuspoker.com>, <luxorpoker.com>, and <mgmpoker.com> domain names be forfeited and transferred to Plaintiff, MGM Resorts International Operations, Inc.;

IT IS HEREBY FURTHER ORDERED that the current registrar of the <circuscircuspoker.com> domain name and/or the ".com" registry, including, without limitation, Melbourne IT Ltd., shall transfer the registration for the <circuscircuspoker.com> domain name to Plaintiff, MGM Resorts International Operations, Inc.;

IT IS HEREBY FURTHER ORDERED that the current registrar of the <luxorpoker.com> and <mgmpoker.com> domain names, and/or the ".com" registry, including, without limitation, GoDaddy.com, Inc., shall transfer the registrations for the <luxorpoker.com> and <mgmpoker.com> domain names to Plaintiff, MGM Resorts International Operations, Inc.;

IT IS HEREBY FURTHER ORDERED that Defendant CIAMILLO shall pay Plaintiff statutory damages in the amount of $100,000.00 pursuant to the Anti-cybersquatting Consumer Protection Act;

IT IS HEREBY FURTHER ORDERED that Defendant POKERSONS shall pay Plaintiff statutory damages in the amount of $200,000.00 pursuant to the Anti-cybersquatting Consumer

1  Protection Act;

2      IT IS HEREBY FURTHER ORDERED that the Clerk of the Court shall refund Plaintiff's

3  $100.00 cash deposit by mailing a check in the amount of $100 to Plaintiff's counsel of record;

4      IT IS HEREBY FURTHER ORDERED that the Court shall retain jurisdiction of this case

5  for the purpose of enforcing this order; and

6      IT IS HEREBY FURTHER ORDERED that the Clerk of the Court shall prepare and enter

7  a separate judgment consistent with the terms of this order.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

                                                       DATED: January 26, 2012

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

2616972.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2012, I caused a true and accurate copy of the foregoing document entitled ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND OTHER RELIEF, to be served via the Court's CM/ECF system upon the following counsel of record:

> Rebecca A. Fuller, Esq.
> info@fullerlawpractice.com
> 10795 W. Twain Ave., Suite 104
> Las Vegas, NV 89135
> United States

I hereby further certify that, on January 24, 2012, I caused a true and accurate copy of the foregoing document entitled ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND OTHER RELIEF, to be served via first class, U.S. Mail, postage prepaid, and by email, upon the following non-CM/ECF participants:

> PokerSons                        Roberto Ciamillo
> info@casino-1000.com             ciamilloroberto@yahoo.com
> 12C Portland Place               49139 Village Point Drive
> London, W1B 1JA                  Shelby Township, MI 48315
> England                          United States

Dated: this 24th day of January, 2012

                                            /s/ Jonathan W. Fountain
                                         An employee of Lewis and Roca LLP